MATTHEW J. GAUGER, Bar No. 139785
GARY P. PROVENCHER, Bar No. 250923
RUSSELL I. NAYMARK, Bar No. 196596
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814-2341
Telephone: (916) 443-6600
Facsimile:  (916) 442-0244

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, a California Charter County;<br><br>Defendant. | No.<br><br>**COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C § 1983** |

Plaintiff, SEIU Local 1021 complains and alleges as follows:

## I.   INTRODUCTORY STATEMENT

1. This is an action for damages and injunctive relief for personal injury suffered by Plaintiff SEIU Local 1021 ("SEIU" or "Union") for violation of its right to free speech, assembly and association. The Defendant, County of San Joaquin ("County") docked the pay of eighteen (18) Union members because on April 28 and June 9, 2011, they took their fifteen (15) minute morning break at the same time in a "Unity Break." The workers are employed at the Lovelace Materials Recovery Facility and Transfer Station ("Lovelace") and the North County Recycling Center and Sanitary Landfill ("North County Landfill"). The workers engaged in this "Unity Break" to protest pension spiking, management perks and urge the public to support distribution of County resources in a manner that improves public services rather than enrich the County's highest

paid managers. On both occasions the workers held picket signs calculated to advertise their message to the public. On June 9 at Lovelace, the Union distributed posters showing management pension spiking to the public waiting in line to enter the facility. In addition to the existing discipline, the County threatened to fire the workers if they take their morning break together again. By so doing the Count has interfered with the lawful exercise of the Union's and its members' individual civil rights and liberties of free speech, assembly and association concerning a matter of public importance.

2. Plaintiff SEIU seeks to exercise its First Amendment rights of speech, assembly and association to engage in Union related speech about matters of public importance without its members being subjected to discipline and threats of discharge. SEIU's members desire to be able to gather together and promote the Union's message about pension spiking, management perks and distribution of public resources. Speech, assembly and association on such matters of public importance are fundamental rights and enjoy the highest degree of constitutional protection. The County can interfere with these rights only if it has a compelling state interest. No such interest exists here. The Union members took the appropriate steps to guarantee the safety of the public and to protect the Counties equipment and other property by leaving at least two Union workers on the job during the breaks. Inconvenience caused by the fifteen (15) minutes that the workers protested does not rise to the level of a compelling state interest. The County therefore interfered with the Union's First Amendment right to free speech, assembly and association. This lawsuit seeks remedies for that violation.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that Plaintiff seeks redress for deprivations made under color of state law rights, privileges, and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that Plaintiff seek damages and equitable relief under 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights; under 42 U.S.C. § 1988(b) for an

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

award of attorneys' fees; under 28 U.S.C. § 2201(a) to secure declaratory relief; and under 28 U.S.C. § 2202 to secure preliminary and permanent injunctive relief.

4. Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b) because the events giving rise to the claims described in this Complaint occurred within San Joaquin County.

### III.   PARTIES

5. Plaintiff Service Employees International Union, Local 1021 ("SEIU" or "Union") is an unincorporated association and is an employee organization within the meaning of California Government Code § 3501(a), in that SEIU includes within its membership employees of various public agencies, including the County of San Joaquin, and has as its primary purpose representation of those employees in their employment relations with public agencies. SEIU represents approximately 4,700 San Joaquin County employees in five bargaining units.

6. Defendant County of San Joaquin is a California Charter County and at all times mentioned herein has been the employer of the Union's members whom received discipline.

### IV.   FACTS

7. The Union began a public information campaign about allocation of County resources in January 2011 in connection with bargaining successor collective barraging agreements with the County. The Union informs the public that it is true that the County has significant financial problems, but the County's decisions about resource allocation hurt the public. The Union explains to the public that the county has a cafeteria benefit plan covering about 200 managers. The managers can take benefits or cash, but either way the County adds the value of the plan to the manager's compensation for purposes of figuring each manager's pension. Currently, the cafeteria plan is worth about $29,000 per year to each individual manager. The Union argues to the public that this is an unfair perk and a form of pension spiking. Although apparently legal, the Union is persuading the public that this is bad public policy.

8. The Union proposed at the bargaining table a heath care plan that does not include the cafeteria plan. The Union proposed plan is 19 million dollars per year cheaper than

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

1  management's plan.  This does not include pension savings from eliminating the $29,000 per year
2  per manager spike.  The Union informed the public of its proposal in every way the Union could
3  conceive.  Members leafleted public entrances of County buildings.  The Union purchased
4  advertisements in the local paper of general circulation, the Stockton Record.  Members spoke at
5  Board of Supervisors meetings.  The Union purchased radio advertising on Stockton radio stations.
6  Members wrote letters to public officials including the Board of Supervisors and California State
7  Treasurer Bill Lockyer.  All of these efforts were aimed at bringing the issue to the attention of the
8  public.

9. The public information campaign resulted in frequent newspaper, radio and television news coverage of the pension spiking, management perks and maldistribution of public resources issues.  Treasurer Lockyer even weighed in by sending a letter to the Board of Supervisors complaining about the County's misuse of public funds.  Treasurer Lockyer's efforts also received newspaper, radio and television coverage.

10. Lovelace is a recycling and material sorting facility located on a rural road about five (5) miles south of Stockton.  It covers approximately ten (10) acres.  On Thursdays about eleven (11) Union members staff the facility including two supervisors who are also Union members.  The Union members operate heavy equipment to separate the material into categories, monitor the type of material as the public brings it into the facility to be sure there are no toxics or other contraband, weigh the vehicles as they enter and exit, collect the relevant fees, assist the public and generally run the faculty.  Normally, there is no management present at the facility.

11. North County Landfill is a material sorting cite similar to Lovelace with an adjacent sanitary landfill located north east of Stockton.  It covers approximately 320 acres.  On Thursdays about sixteen (16) Union members staff the facility, including two supervisors who are also Union members.  The Union members operate heavy equipment, monitor the type of material as the public brings it into the facility to be sure there are no toxics or other contraband, weigh the vehicles as they enter and exit, collect the relevant fees, assist the public and generally run the faculty.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

12. On April Thursday 28 and Thursday June 9, 2011, Union members working at Lovelace and the North County Landfill engaged in Unity Breaks at 10:21 a.m. The Collective Bargaining Agreement provides that the workers receive a fifteen (15) minute break in the morning. The Collective Bargaining Agreement contains no language prohibiting Unity Breaks nor does it contain a no-strike clause. Prior to April 28 there was no set break schedule at either facility. Workers arranged to start their breaks variously between 9:00 and 10:30 a.m. depending on start time, need, safety of the public using the facilities and the work at hand. On both Unity Break days management was aware that the workers planned to take a break at the same time. The Union distributed leaflets advertising the break and at North County Landfill a Supervisor, who is a member of the Union, announced the break on the facility's public address system.

13. The Union's members at both sites took every step available to protect the safety of the public and the County's equipment and property. At 10:21 a.m. the workers locked the front gates of both facilities so the public would not enter and cause a safety or security problem. At both facilities two Union members stayed on the job to assist the public who were finishing their business and to monitor safety. The Union members left the exit gates open so the public could leave when they completed their business. At both facilities on both days a short line of not more than ten (10) vehicles developed. The physical layout of both the facilities allows a line to develop three or four times that size with no danger of blocking adjacent public roads.

14. During both breaks at both facilities, the Union members picketed with hand lettered signs that included statements to that informed the public using the facilities and the motorists passing by on the adjacent public roads of the workers displeasure with the County's policy to enrich management at the expense of public services. The hand lettered language on the signs included "Stop Executive Perks", "No More Car Allowances", "Los Ninos Primero! (The Children First!)", "SJC Can't Afford Management Perks" and similar slogans.

15. The Union also passed out posters to the public at Lovelace on June 9, 2011. The 11 x 18 inch signs were an enlarged reprint of a graph showing the pension spiking effect that the cafeteria plan has on Management pensions that appeared in the Stockton Record newspaper.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

16. During both breaks at both facilities management personnel stayed inside the sites. Management did the same work during the fifteen (15) minute Unity Break that the skeleton crew of Union members performed. There were no safety problems or other incidents during the breaks which support a compelling interest to prohibit the workers form taking their break at the same time in order to communicate with the public. Taking breaks at the same time rather than staggering the breaks among the workers is actually more efficient because staggered breaks cause intermittent slowing throughout the morning. On jobs that must be staffed anytime the facility is open, such as operating the scales and collecting fees, taking a single rather than staggered break is more efficient because there is no time lost in switching one worker in to replace the other.

17. On May 16, 2011 the County issued letters of reprimand to twenty (20) workers at Lovelace and North County Landfill for participating in the April 28, 2011 Unity Break. The letters of reprimand which are all identical, claim that management told the workers not to take breaks that varied from the scheduled break times.

18. On July 19, 2011 the County issued a 10% pay reduction for one pay period (two weeks) to eighteen (18) workers at Lovelace and North County Landfill for participating in the June 9, 2011 Unity Break. The discipline notices are all identical. Six (6) workers received letters of reprimand who participated in the June 9, 2011 Unity Break, but not the April 28, 2011 Unity Break. The letters all contain threats of future more severe discipline. These threats interfere with and chill the Union and its members' exercise of the right to free speech, assembly and association.

19. One event at Lovelace reveals management's real motivation. During the Unity Break on June 9, 2011, a manager approached a couple in a pick-up truck waiting in line to enter the facility and made a statement blaming the workers for the delay. The woman in the truck told the manager off, explaining in colorful but clear terms, that the problem was the County's fault because management is greedy and spends the public's money on themselves rather than improving public services. The Union's public information campaign is effective. The County's motivation is to silence the Union members' speech.

20. Assembling during a Unity Break to peacefully communicate with the facility using public communicates a different and more meaningful message than the message that would be

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

- 6 -

communicated if a single worker were standing at his or her break picketing or leafleting the people in the line of vehicles waiting to use the facility. When the facility using public sees virtually all of the workers communicating the same message at the same time, it tells the public that something serious is happening. Upon inquiring, the public learns that this is not a normal labor dispute. This is a dispute about public policy and the allocation of scarce public resources. The fact that all of the workers were communicating the same message at the same time in an organized and careful way, communicates a message to the public about the severity of the problem and the commitment of the workers and their Union to fight with the government to resolve the problem. The ability to send that message to the public is a fundamental right.

21. The First Amendment recognizes that that kind of message can only be communicated through the combination of speech, association and assembly. The County's intermediate interest in avoiding inconvenience is a less important interest than SEIU and its members' fundamental right to communicate its message.

22. When the County created the rule that SEIU's members may take breaks only on a set schedule, it was attempting to create a facially neutral rule that would prevent the Union from communicating the importance of its message to the facility using public. Since the County's interest in inconvenience is less important than the Union's fundamental right to communicate its message, by creating the rule and by attempting to silence the Union members' speech, the County has run afoul of the First and Fourteenth Amendments and the Civil Rights Act of 1864.

V. CAUSES OF ACTION

FIRST CAUSE OF ACTION
(Violation of U.S. Constitution, Amendment 1 – Freedom Of Speech)

23. Plaintiff hereby incorporates by reference all of the foregoing allegations as if set forth fully herein.

24. SEIU and its members have a constitutional right to free speech in relation to the promotion of activities of SEIU including, but not limited to, organizing County employees, and advancing legislative proposals to the California Legislature and the County Board of Supervisors

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

that are beneficial to SEIU's members, San Joaquin County employees, and San Joaquin County residents.

25. Defendant's staggered rest break policies, practices and activities referenced earlier in this Complaint, have hindered SEIU and its members from speaking about these matters.

26. Accordingly, Defendant's staggered rest break policies and the actions referenced earlier in this Complaint, violate the rights of free speech guaranteed by the First Amendment of the United States Constitution made applicable to the state and local governments through the due process clause of the Fourteenth Amendment.

**SECOND CAUSE OF ACTION**
(Violation of U.S. Constitution, Amendment 1 – Freedom Of Association)

27. Plaintiff incorporates by reference all of the foregoing allegations as if set forth fully herein.

28. SEIU desires to have its members be able to gather together and promote the activities of SEIU including, but not limited to, conducting a public information campaign on matters of public importance and advancing legislative proposals to the California legislature and the County Board of Supervisors that are beneficial to SEIU members, other County employees, and San Joaquin County residents.

29. Defendant's staggered rest break policy, practices and activities that are referenced earlier in this Complaint have hindered SEIU and its members from organizing and engaging in a public information campaign on behalf of SEIU and to promote the activities of SEIU.

30. Defendant's staggered rest break policies and the activities referenced earlier in this Complaint have also violated the right of association guaranteed by the First Amendment to the United States Constitution, which apply to state and local governments through the due process clause of the Fourteenth Amendment.

**THIRD CAUSE OF ACTION**
(Violation of U.S. Constitution, Amendment 1 – Freedom Of Assembly)

31. Plaintiff incorporates by reference all of the foregoing allegations as if set forth fully herein.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

32. SEIU desires to have its members be able to peacefully assemble and promote the activities of SEIU including, but not limited to, conducting a public information campaign on matters of public importance and advancing legislative proposals to the California legislature and the County Board of Supervisors that are beneficial to SEIU members, other County employees, and San Joaquin County residents.

33. Defendant's staggered rest break policy, practices and activities that are referenced earlier in this Complaint have hindered SEIU and its members from assembling to organize and engage in a public information campaign on behalf of SEIU and to promote the activities of SEIU.

34. Defendant's staggered rest break policies and the activities referenced earlier in this Complaint, have also violated the right of peaceful assembly guaranteed by the First Amendment to the United States Constitution, which apply to state and local governments through the due process clause of the Fourteenth Amendment.

**FOURTH CAUSE OF ACTION**
**(Violation of U.S. Constitution, Amendment 1 –**
**Retaliation for Freedom Of Speech, Association and Assembly Activities)**

35. Plaintiff hereby incorporates by reference all of the foregoing allegations as if set forth fully herein.

36. Defendants retaliated against SEIU and its members as a direct result of their exercise of their constitutional rights to free speech and participation in labor, organization, social, political activities and the public information campaign as members of SEIU. Absent said protected speech, association and assembly, Plaintiff's members would not have been retaliated against and would not have suffered adverse employment actions or been injured.

37. The various acts of intimidation, reprisal, retaliation, suppression and/or restraint exercised by defendant against Plaintiff's members have created a chilling effect on their legitimate political, social and organizational speech, association and assembly by creating fear, hesitation, hostility and other destructive responses.

38. In doing the things alleged herein, Defendant violated the rights of Plaintiff under the First and Fourteenth Amendment to the United States Constitution to free expression,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

1  association and assembly. Specifically, Defendant has taken the aforementioned actions against
2  Plaintiff's members in direct retaliation for and in response to the various protected activities of
3  Plaintiff and its members.

4      39.    The acts and omissions of Defendant were done by Defendant under color of state
5  law. The acts and omissions described above were taken by the County's official policymakers
6  charged with such responsibility. It was, or should have been, plainly obvious to any reasonable
7  policy-making official of the County that the acts and omissions of Defendants as alleged herein,
8  taken singularly or in conjunction, directly violated and continue to violate Plaintiff's clearly
9  established constitutional rights. In doing the things alleged herein, Defendant acted with
10 malicious intent to violate Plaintiff's rights, or at least conscious, reckless and callous disregard of
11 Plaintiff's rights and to the injurious consequences likely to result from a violation of said rights.
12 General and special damages are sought accordingly to proof.

13     40.    Plaintiff has no plain, speedy, or adequate remedy at law to prevent future violations
14 of its civil rights, and therefore seeks extraordinary relief in the form of permanent injunctions, as
15 hereafter described. Damages alone are inadequate and injunctive relief is sought to command
16 defendants to cease from retaliating against Plaintiff's members' employment with the County.

### FIFTH CAUSE OF ACTION
**Declaratory Relief Pursuant To 28 U.S.C. 2201, *Et Seq*.**

19     41.    Plaintiff hereby incorporates by reference all of the foregoing allegations as if set
forth fully herein.

21     42.    An actual controversy exists between Plaintiff and the County regarding the
County's refusal to allow Plaintiff to engage in Unity Breaks to inform the public of a matter of
public concern.

24     43.    A declaratory judgment is necessary in so far as the Plaintiff contends that that the
County has violated Plaintiff's Federal and State constitutionally protected rights by refusing to
accommodate Plaintiff's fundamental right of free speech, association and assembly with
Defendant's intermediate interests in efficiency.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

44. In light of the County's newly announced work rule that workers may only take breaks at pre-scheduled times and the application thereof, Plaintiff has a reasonable expectation that the County will continue to issue discipline to Plaintiff's members for alleged violations of the rule if declaratory relief is not granted.

## VI. PRAYER

THEREFORE, Plaintiff prays for judgment against the Defendants and that the court:

1. Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter and claims in controversy in order that such declarations shall have the force and effect of a final judgment and that the Court retain jurisdiction of this matter for the purpose of enforcing the Court's Orders;

2. Pursuant to 28 U.S.C. § 2201, declare that the Defendants' policies and practices, as alleged above, violate the First and Fourteenth Amendments to the United States Constitution;

3. Pursuant to 28 U.S.C. § 2202, F.R.C.P. Rule 65, and 42 U.S.C. U.S.C. § 1983, preliminarily and permanently enjoin the Defendants from enforcing their unconstitutional policies and practices against Plaintiff and this similarly situation;

4. Pursuant to 42 U.S.C. § 1988, and other applicable law, award the Plaintiff their costs and expenses incurred in bringing this action, including its reasonable attorneys' fees;

5. Award Plaintiff SEIU compensatory damages for the injuries suffered in violation of federal law in an amount to be determined by a jury; and

6. Grant such other and further relief as the court deems equitable and proper.

Dated: July 26, 2010                     WEINBERG, ROGER & ROSENFELD
                                          A Professional Corporation


                                          By:   /s/ MATTHEW J. GAUGER
                                                MATTHEW J. GAUGER
                                                Attorneys for Plaintiff

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a jury trial.

>WEINBERG, ROGER & ROSENFELD
>A Professional Corporation
>
>By:     /s/ MATTHEW J. GAUGER
>        MATTHEW J. GAUGER
>        Attorneys for Plaintiff

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600